IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 16-cv-02934-KLM

GARY L. HAYNES, as Trustee for and on behalf of the Insurance Trust of Marjorie Unger, Trustor

    Plaintiff,

v.

TRANSAMERICA CORPORATION, a member of Aegon Group, doing business as Transamerica Life Insurance Company,

    Defendant.
_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on the **Motion of John Unger to Join or Be Substituted as Party Plaintiff** [#77][1] (the "Motion"). Defendant filed a Response [#78] in partial opposition to the Motion, and Plaintiff filed a Reply [#79]. The Court has reviewed the Motion [#77], the Response [#78], the Reply [#79], the entire case file, and the applicable law, and is sufficiently advised in the premises. For the reasons set forth below, the Motion [#77] is **GRANTED**.

**I. Summary of the Case**

This case arises out of an insurance dispute. Plaintiff Gary L. Haynes ("Plaintiff" or "Mr. Haynes") has cared for the day-to-day business of the Insurance Trust of Marjorie

---

[1] "[#77]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's electronic case filing and management system (CM/ECF). This convention is used throughout this Order.

-1-

Unger (the "Trust") since the 1980s, and, in this lawsuit, he sued Defendant for cancelling the Trust's life insurance policy on Marjorie Unger ("Trustor" or "Ms. Unger"). *Notice of Removal* [#1] at 1-2. Defendant filed a Motion for Summary Judgment [#64] partially on the basis that Plaintiff lacked standing to bring the suit because he is not a formal or de facto trustee of the Trust. *Motion for Summary Judgment* [#64] at 1-2. Defendant argued that Ms. Unger's son, John Unger ("Mr. Unger"), was the only "party in interest" able to file this suit as a trustee. *Id.* at 3; Fed. R. Civ. P. 17(a)(1). The Court granted the Motion for Summary Judgment [#64] on the basis that "there appears to be utterly no evidence, and certainly no evidence properly brought to the Court's attention, that Plaintiff was ever formally added to the Trust as trustee or otherwise formally empowered to act on behalf of Mr. Unger, who was undisputedly formally named as the trustee of the Trust." *Order* [#74] at 6. The Court ordered the ruling "held in abeyance for thirty days . . . to allow Mr. Unger to properly move 'to ratify, join, or be substituted into this action.'" *Order* [#74] at 16 (citing Fed. R. Civ. P. 17(a)(3)).

In the present Motion [#77], Mr. Unger responds to the Order [#74] by moving to be joined with or substituted for Plaintiff. Defendant argues in partial opposition that substitution is the only valid way for Mr. Unger to enter the lawsuit and that joinder with Plaintiff is inappropriate because Plaintiff is not a "party in interest." *Response* [#78] at 2. Plaintiff argues in his Reply that joinder is appropriate because he is a substitute trustee. *Reply* [#79] at 2 (citing *Ex. 1, Insurance Trust Agreement* [#79-1] at 10).

Plaintiff argues that Mr. Unger, the Trustee, is sometimes unwilling and unable to serve as trustee because his job keeps him in "foreign locations doing work that requires security clearances" and he is therefore "incognito and unreachable." *Motion* [#77] at 5.

Mr. Unger's involvement in the trust "started declining [around 1998], and at some point in time, [he was] wholly removed" from the daily maintenance of the trust. *Id.* at 6. Plaintiff argues that Mr. Unger states that he "was never the sole trustee."[2] *Id.* On March 15, 2018, Mr. Unger signed a Notice of Appointment, appointing "Gary Haynes to act as a trustee or co-trustee for the benefit of the Trust Agreement" because Mr. Unger "has been and is unable to serve on a day-to-day basis as Trustee." *Ex. 5, Notice* [#79-5] at 1.

## II. Standard of Review

Rule 17(a) of the Federal Rules of Civil Procedure provides that "[a]n action must be prosecuted in the name of the real party in interest." Fed. R. Civ. P. 17(a)(1); *Anderson v. Van Pelt*, No. 09-cv-00704-CMA-KMT, 2013 WL 856508, at *2 (D. Colo. Mar. 7, 2013). "[T]he real party in interest is the one who, under applicable substantive law, has the legal right to bring suit." *FDIC v. Gelderman Inc.*, 975 F.2d 695, 698 (10th Cir. 1992); *Anderson*, 2013 WL 856508, at *2. Pursuant to Fed. R. Civ P. 17(b)(3), having a legal right to sue "is determined . . . by the law of the state where the court is located . . . ." Under Colorado law, a "fiduciary" is defined as "one or more persons designated in a will, trust instrument,

---

[2] Plaintiff further argues that, pursuant to a Colorado Statutory Power of Attorney for Property [#79-2], Mr. Unger and Mr. Haynes were appointed "as [Ms. Unger's] co-agents (co-attorneys-in-fact) to act . . . in any lawful way with respect to the following initialed subjects: . . . (G) [i]nsurance and annuity transactions [and] (I) [c]laims and litigation." *Reply* [#79] at 2 (citing *Ex.* 2 [#79-2] at 1). However, be that as it may, this document, by itself, only supports a finding that Mr. Haynes was legally entitled to act on behalf of Ms. Unger personally, not that Mr. Haynes was legally entitled to act on behalf of the Trust.

The Court also notes that Plaintiff provides a Durable General Power of Attorney for Financial Affairs, Personal Care and Medical Decision of John Charles Unger [#79-3] but fails to direct the Court's attention to any specific provision of the 14-page legal document which is relevant to the Court's determination here. *See Mitchell v. City of Moore, Oklahoma*, 218 F.3d 1190, 1199 (10th Cir. 2000) (holding that the Court is "not obligated to comb the record in order to make [the litigant's] arguments for him"). Regardless, the outcome of this decision is not materially linked to Mr. Unger's power-of-attorney form [#79-3].

or otherwise, whether corporate or natural persons and including successors and substitutes, who are acting in any of the following capacities: . . . (IV) Trustees." Colo. Rev. Stat. § 15–1–802(3)(a). "During the period of administration of the . . . trust and until final distribution, a [trustee] has the power to perform, without court authorization, every act reasonably necessary to administer . . . the trust . . . ." Colo. Rev. Stat. § 15–1–804(1). This includes the power "[t]o pay, contest, or otherwise settle claims by or against the . . . trust, including taxes, assessments, and expenses, by compromise, arbitration, or otherwise . . . ." Colo. Rev. Stat. § 15–1–804(2)(r).

### III. Analysis

In short, as discussed below, the Court finds that Mr. Haynes did not have standing at the inception of this lawsuit, but that Mr. Unger may be substituted in his place pursuant to Fed. R. Civ. P. 17(b)(3) in order to satisfy subject matter jurisdiction concerns. However, because evidence has now been provided that Mr. Haynes became a real party-in-interest *after* this lawsuit's inception by being formerly named substitute trustee of the Trust, Mr. Haynes is permitted to replace Mr. Unger as the sole plaintiff and proceed with the lawsuit on his own.[3]

**A.    Standing**

The parties agree that, regardless of whether he is substituted or joined, Mr. Unger may be added to this lawsuit as a trustee of the Trust.  *See generally Motion* [#77];

---

[3] The Court notes that, despite the procedural hurdles which must be properly addressed first, the final result here is that Mr. Haynes may continue as the sole Plaintiff in this lawsuit. These issues should have been addressed by the parties prior to or shortly after the filing of this lawsuit, rather than waiting until the dispositive motions deadline, thereby causing a long delay in resolution of this case.

*Response* [#78] at 2.  The question remains, therefore, whether he should be joined with Mr. Haynes as a co-plaintiff/co-trustee or whether he should be substituted in place of Mr. Haynes as the sole plaintiff/trustee in this matter.  *See generally Motion* [#77]; *Response* [#78] at 2.  "Standing doctrine addresses whether, *at the inception of the litigation*, the plaintiff had suffered a concrete injury that could be redressed by action of the court." *WildEarth Guardians v. Pub. Serv. Co. of Colorado*, 690 F.3d 1174, 1182 (10th Cir. 2012) (emphasis added).  The Court thoroughly analyzed this issue in its Order [#74] on the Defendant's Motion for Summary Judgment [#64].  Nothing provided in the present briefing alters its prior determination that Mr. Unger had standing to bring these claims at the inception of this lawsuit on December 1, 2016, but that Mr. Haynes did not.  Thus, the Court incorporates that analysis here and finds that Mr. Unger should be substituted for Mr. Haynes as the appropriate plaintiff in this action, rather than joined with Mr. Haynes as a co-plaintiff, for purposes of standing at the inception of this lawsuit.  *See* Fed. R. Civ P. 17(b)(3) (stating that a "court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action").

Accordingly, "John Unger, trustee for and on behalf of the Insurance Trust of Marjorie Unger," is **substituted** as plaintiff in place of "Gary L. Haynes, trustee for and on behalf of the Insurance Trust of Marjorie Unger," pursuant to Fed. R. Civ. P. 17(b)(3).[4]

**B.     Status of Mr. Haynes**

---

[4] The Court notes that Mr. Unger has ratified Mr. Haynes' actions carried out on behalf of the Trust.  *See Notice* [#79-5]; Fed. R. Civ. P. 17(a)(3) ("After ratification, joinder, or substitution, the action proceeds as if it had been originally commenced by the real party in interest.").

Although satisfied with the subject matter jurisdiction issue regarding standing at the inception of this lawsuit, the Court's analysis is not complete. Mr. Haynes did not have standing at the inception of this litigation, but the Court must now address whether he gained real-party-in-interest status since that time such that he should be properly added to this lawsuit as the trustee of the Trust.

Article VIII of the March 29, 1986 Insurance Trust Agreement, signed by Ms. Unger as Trustor and Mr. Unger as Trustee, provides in relevant part:

> JOHN C. UNGER is appointed Trustee under this instrument. If at any time JOHN C. UNGER is unable or unwilling to serve as Trustee, the Trustor appoints as substitute or successor Trustee under this instrument, and as successor Trustee to fill any vacancy thereafter occurring in such office, the first in order named who is able and willing to serve of the following: GARY HAYNES.

*Ex. 1, Insurance Trust Agreement* [#79-1] at 10. Pursuant to this provision, Mr. Unger signed a Notice of Appointment for Marjorie Ann Unger Trust Agreement [#79-5] (the "Notice") on March 15, 2018.[5] The Notice [#79-5] states in relevant part:

> Pursuant to Article VIII of the Marjorie Ann Unger Trust agreement, the undersign [sic] Trustee has been and is unable to serve on a day- to - day [sic] basis as Trustee. It was provided in the Trust agreement that if the undersign [sic] was unable to serve, then the Trustor granted the right to the Trustee to appoint a successor or substitute trustee.
>
> . . . In accordance with Article VIII of the Trust agreement the Undersign [sic] does hereby appoints [sic] Gary Haynes to act as a trustee or co-trustee for the benefit of the Trust Agreement. The undersign [sic] does hereby ratify the actions of Gary Hanes [sic] that have been carried out for the said trust.

Mr. Unger signed the Notice [#79-5], as did Mr. Haynes under the heading "ACCEPTED."

Although Plaintiff first provided these documents to the Court in connection with his

---

[5] Notably, the Notice [#79-5] was signed well after the filing of this lawsuit on December 1, 2016.

Reply [#79], Defendant has not sought to file a sur-reply contesting the authenticity of these documents or arguing that these documents do not support exactly what Plaintiff wants the Court to do, i.e., permit Mr. Haynes to participate as trustee in this litigation. *See Reply* [#79] at 2 ("The Plaintiff respectfully suggests however for the benefit of this proceeding joinder of trustees in this proceeding should be allowed."). It is clear at this point that Mr. Haynes is empowered to act as a trustee on behalf of the Trust.

The final question thus becomes whether Mr. Haynes is empowered to act as a substitute trustee on his own in place of Mr. Unger, or whether Mr. Haynes is empowered to act as a co-trustee alongside Mr. Unger. The Notice [#79-5] provides two important points: (1) Mr. Unger is unable to serve, and (2) he appoints Mr. Haynes as "trustee or co-trustee" pursuant to Article VIII of the Insurance Trust Agreement. However, in the event that Mr. Unger is unable to serve, Article VIII only permits him to appoint a "substitute or successor" trustee—*not* a co-trustee. *Ex. 1, Insurance Trust Agreement* [#79-1] at 10. Thus, based on the record before the Court, the only logical conclusion permitted by these documents is that Mr. Unger has appointed Mr. Haynes as his substitute/successor rather than as his co-trustee.

Accordingly, "Gary L. Haynes, trustee for and on behalf of the Insurance Trust of Marjorie Unger," may be **substituted** as plaintiff in place of "John Unger, trustee for and on behalf of the Insurance Trust of Marjorie Unger," pursuant to Fed. R. Civ. P. 17(b)(3). Notably, the caption of this action therefore remains as it was when the case was first filed.

## IV. Conclusion

IT IS HEREBY **ORDERED** that the Motion [#77] is **GRANTED**.

IT IS FURTHER **ORDERED** that "John Unger, trustee for and on behalf of the Insurance Trust of Marjorie Unger," is **substituted** as plaintiff in place of "Gary L. Haynes, trustee for and on behalf of the Insurance Trust of Marjorie Unger," under Fed. R. Civ. P. 17(b)(3), to satisfy subject matter jurisdiction concerns.

IT IS FURTHER **ORDERED** that "Gary L. Haynes, trustee for and on behalf of the Insurance Trust of Marjorie Unger," is **substituted** as plaintiff in place of "John Unger, trustee for and on behalf of the Insurance Trust of Marjorie Unger," under Fed. R. Civ. P. 17(b)(3), pursuant to the Insurance Trust Agreement [#79-1] and the March 15, 2018 Notice [#79-5].

Because the Court adjudicated the Motion for Summary Judgment [#64] solely on the basis of the whether Plaintiff Gary Haynes had standing to initiate this lawsuit, *see Order* [#74], the Court did not address any of Defendant's arguments on the merits of the case. Accordingly, to the extent either party deems it appropriate to file dispositive motions on the merits of this lawsuit,

IT IS FURTHER **ORDERED** that the deadline to file dispositive motions is extended to **September 27, 2018**.

IT IS FURTHER **ORDERED** that the three-day Jury Trial is **RESET** to begin on **February 4, 2019**, at **9:00 a.m.** in Courtroom A-401, Fourth Floor, Alfred A. Arraj United States Courthouse, 901 19th Street, Denver, Colorado.

IT IS FURTHER **ORDERED** that the joint Final Pretrial Conference, Jury Instructions Conference, and Trial Preparation Conference is **RESET** to **December 20, 2018**, at **1:30 p.m.** in Courtroom A-401, Fourth Floor, Alfred A. Arraj United States Courthouse, 901 19th

Street, Denver, Colorado.

IT IS FURTHER **ORDERED** that the proposed final pretrial order and the proposed jury instructions shall be filed **no later than December 13, 2018**.

Dated: September 7, 2018

BY THE COURT:

Kristen L. Mix
United States Magistrate Judge